UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GERALD MILLS ET AL** | **CASE NO. 2:21-CV-01241** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Improper Venue and Motion to Dismiss for Failure to State a Claim, filed under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) by defendants Norde Battle and Catherine Castorina. Doc. 18. Plaintiffs Gerald and Jenny Mills oppose the motion. Doc. 21.

### I.
### BACKGROUND

This suit arises from damage that plaintiffs sustained to their home in Calcasieu Parish from Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times plaintiffs had in place a homeowner's policy with Allied Trust Insurance Company ("Allied"). They sought reimbursement through this policy but allege that Allied has failed to timely and adequately compensate them for all covered losses. Accordingly, they filed suit against Allied in this court on May 10, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order [doc. 2] but did not resolve. Plaintiffs then filed an

1

amended complaint, also naming as defendants the Florida independent claims adjusting agency Transcynd Holdings, LLC ("Transcynd") and its employees, Catherine Castorina, and Norde Battle, who are residents of Georgia and Texas.[1] Doc. 11. Plaintiffs allege that the Transcynd employees committed fraud by rejecting the original field adjuster's estimate of damages (totaling $320,598.34 in replacement costs) while at the same time representing to the plaintiffs at one point that they had never received the report and that the adjuster had "gone AWOL." *Id.* at 5–6. Transcynd employees then allegedly manipulated the report without the field adjuster's consent, reducing the scope and replacement costs and yielding a revised estimate of $163,169.41. *Id.* at 6–8. Accordingly, plaintiffs raise claims of fraud against Transcynd and the named employees in addition to the breach of contract and bad faith claims already asserted against Allied.

Transcynd employees Battle and Castorina now move for dismissal of the fraud claim for failure to state a claim or on the grounds of improper venue. Doc. 18. They also assert that plaintiffs' service on Transcynd through the Louisiana insurance commissioner, in reliance on a statute for service of insurance adjusters, is invalid because this claim arises from Transcynd's allegedly fraudulent conduct out of state rather than its adjustment of the claim in Louisiana. *Id.*; doc. 23. Plaintiffs oppose the motion. *Id.*

---

[1] Plaintiffs also named as defendant Transcynd employee Douglas Lee, but voluntarily dismissed their claim against him. Docs. 11, 15.

## II.
## LAW & APPLICATION

### A. Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal of a complaint based on improper venue. There is a split in authority among Fifth Circuit courts as to which party bears the burden on such a motion, but the majority place it with the plaintiff. *Lawson v. U.S. Dep't of Justice*, 527 F.Supp.3d 894, 896 (N.D. Tex. 2021). The court accepts as true the well-pleaded allegations in the complaint and resolves all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The court may also consider extrinsic evidence, however, and resolve disputed issues of fact in order to determine whether plaintiff has carried his burden. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

The federal venue statute provides, in relevant part:

> **(b) Venue in general.**—A civil action may be brought in:
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Here the defendants are residents of different states and the dispute instead centers on § 1391(b)(2). The Transcynd defendants contend that plaintiffs cannot show that a "substantial part" of the acts giving rise to this claim occurred in Louisiana. Instead, they show that all of Battle and Castorina's work adjusting this claim was done

from their respective home states of Texas and Georgia. Doc. 18, att. 3. Accordingly, they maintain, venue is only proper in one of those states. Meanwhile, plaintiffs assert that venue is proper in Louisiana because "a substantial part of the property that is the subject of the action is situated" in this state. Doc. 21.

"Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008). In construing plaintiff's allegations, however, the court may embrace a more "holistic" approach, considering events connected to the claim though not in dispute. *RLI Ins. Co. v. Caliente Oil, Inc.*, 2018 WL 11272846, at *5 (W.D. Tex. Aug. 21, 2018); *see Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir. 2001) (considering the undisputed sinking of a yacht in Puerto Rico to provide venue in that district for subsequent litigation over the insurance claim). Additionally, for venue purposes interstate communications can be deemed as having occurred in the state to which they were directed. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493–94 (5th Cir. 2018). Here the claim arises from defendants' adjusting, including physical inspection of, property located in this judicial district. The fraud depends on an allegation that misrepresentations were communicated to plaintiffs, presumably in this district. Taken together, these contacts provide a "substantial part" of the actions giving rise to the claim. Accordingly, venue is proper in this court under § 1391(b)(2).

### B. Failure to State a Claim

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Louisiana Revised Statute § 22:1674.1 sets forth the standards of conduct for independent adjusters, but explicitly does not create a new cause of action. Meanwhile, Louisiana law provides a cause of action for breach of contract and for bad faith penalties for insurers who fail to timely pay on a claim. The bad faith penalty statutes, however, do not impose any duty on independent adjusters and such adjusters can only be held liable for breach of contract under limited circumstances not alleged here. *Nero v. La. Indep. Ins.*

*Agencies, Inc.*, 2003 WL 203145, at *2 (E.D. La. Jan. 29, 2003). Accordingly, it is well settled under Louisiana law "that a claims adjuster has no duty to an insured." *RDS, Inc. v. Gab Robins N. Am., Inc.*, 2005 WL 2045956 (W.D. La. Aug. 23, 2005).

Louisiana courts have recognized limited exceptions, including that an adjuster who engages in fraud or misrepresentations may assume a duty to the insured. *Martin v. Wood*, 2011 WL 4550339, at *4 (E.D. La. Sep. 29, 2011) (citing *Pellerin v. Cashway Pharm. of Franklin*, 396 So.2d 371 (La. Ct. App. 1st Cir. 1981)). Under Louisiana law, a claim for fraud or misrepresentation requires "(1) a misrepresentation of material fact; (2) made with attempt to deceive; and (3) causing justifiable reliance with resultant injury." *Id.* (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999)).

To the extent Florida law would apply, as cited in the amended complaint and as the state where Transcynd is located, Florida also generally places an insured's right of recovery with the insurer rather than the independent adjuster. *King v. Nat'l Sec. Fire & Cas. Co.*, 656 So.2d 1338, 1339 (Fla. 4th DCA 1995). However, the courts have recognized an exception for cases of misrepresentation. *Howard v. Crawford & Co.*, 384 So.2d 1326, 1327 (Fla. 1st DCA 1980). Liability could, therefore, arise in a case of fraud as alleged here. To state a claim for fraud under Florida law, a plaintiff must show "(1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff on the correctness of the representation; and (5) resulting damage." *Biscayne Cove Condominium Ass'n v. QBE Ins. Corp.*, 971 F.Supp.2d 1121, 1145 (S.D. Fla. 2013).

Plaintiffs' allegations do not rise to the level of showing fraud or misrepresentation under Louisiana or Florida law, because the alleged misrepresentation (on the status of the field report/field adjuster) is not material to the overall adjustment of their claim and they have not shown that they acted in justifiable reliance on it. Moreover, plaintiffs have not demonstrated any misconduct through Transcynd's actions with respect to revising the report—namely that such adjustments are not customary, that the revisions were erroneous, or that Transcynd required the field adjuster's authorization before revising the report. Accordingly, they have not shown the facts necessary to hold the Transcynd defendants liable and the court will not consider the allegations relating to defective service.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss for Improper Venue [doc. 18] will be **DENIED** and the Motion to Dismiss for Failure to State a Claim [*id.*] will be **GRANTED**, resulting in the dismissal with prejudice of all claims against the Transcynd defendants.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**