UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GERALD MILLS ET AL**            **CASE NO. 2:21-CV-01241**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**ALLIED TRUST INSURANCE CO**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is a Motion to Reconsider [doc. 28] filed by plaintiffs Gerald and Jenny Mills, requesting that the court reconsider its dismissal of their fraud claims against third-party adjuster Transcynd Holdings, LLC and its employees. The Transcynd defendants oppose the motion. Doc. 32.

### I.
#### BACKGROUND

This suit arises from damage that plaintiffs sustained to their home in Calcasieu Parish from Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times plaintiffs had in place a homeowner's policy with Allied Trust Insurance Company ("Allied"). They sought reimbursement through this policy but allege that Allied has failed to timely and adequately compensate them for all covered losses. Accordingly, they filed suit against Allied in this court on May 10, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order [doc. 2] but did not resolve. Plaintiffs then filed an

amended complaint, also naming as defendants the Florida independent claims adjusting agency Transcynd Holdings, LLC ("Transcynd") and its employees, Catherine Castorina, and Norde Battle, who are residents of Georgia and Texas.[1] Doc. 11. Plaintiffs allege that the Transcynd employees committed fraud by rejecting the original field adjuster's estimate of damages (totaling $320,598.34 in replacement costs) while at the same time representing to the plaintiffs at one point that they had never received the report and that the adjuster had "gone AWOL." *Id.* at 5–6. Transcynd employees then allegedly manipulated the report without the field adjuster's consent, reducing the scope and replacement costs and yielding a revised estimate of $163,169.41. *Id.* at 6–8. Accordingly, plaintiffs raised claims of fraud against Transcynd and the named employees in addition to the breach of contract and bad faith claims already asserted against Allied.

Transcynd employees Battle and Castorina moved for dismissal of the fraud claim for failure to state a claim or on the grounds of improper venue. Doc. 18. The court found that venue was proper but that plaintiffs had failed to state a claim against Transcynd or its employees, because the alleged misrepresentations were not material to the status of their claim and plaintiffs had not shown that they acted in justifiable reliance on them. Doc. 25. Plaintiffs now request that the court reconsider this ruling, alleging additional representations made by Transcynd employees that caused plaintiffs to proceed with repair of their home even though Transcynd had enough information to believe it was a total loss. Doc. 28, att. 1. They also offer new evidence, including the Xactimate audit trail showing

---

[1] Plaintiffs also named as defendant Transcynd employee Douglas Lee, but voluntarily dismissed their claim against him. Docs. 11, 15.

edits to the field adjuster's report made by Transcynd employees. *Id.* Transcynd opposes the motion, arguing that (1) plaintiffs have not shown justification for reconsideration based on newly discovered evidence and (2) nothing offered by plaintiffs changes the rationale for the court's dismissal. Doc. 32.

## II.
## LAW & APPLICATION

### A. Legal Standard

#### 1. Motion to Reconsider

Federal Rule of Civil Procedure 54(b) allows the court to reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010). An interlocutory order is one that "adjudicates fewer than all the claims . . . of all the parties," such as the ruling challenged here dismissing claims against Transcynd defendants but leaving those against plaintiffs' insurer. Fed. R. Civ. P. 54(b). Although the rule grants the court broad discretion to reconsider, "this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *United States v. Cytogel Pharma, LLC*, 2017 WL 3849317 (E.D. La. Mar. 28, 2017) (internal quotations omitted). Courts evaluate motions to reconsider under Rule 54(b) under a "less exacting" standards than those applied to final judgments under Rules 59(e) and 60(b) but still look to the latter rules for guidance. *In re Padco Pressure Control, LLC*, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) (collecting cases). To this end, the court should consider whether there are "manifest errors of law or

fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *Id.* (quoting *HBM Interests, LLC v. Chesapeake La., LP*, 2013 WL 3893989 (W.D. La. Jul. 26, 2013)).

### 2. Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

B. **Application**

As set forth under the court's prior ruling, both Louisiana and Florida law generally restrict an insured's causes of action against a third-party/independent adjuster and recognize that this adjuster has no duty to the insured. *RDS, Inc. v. Gab Robins N. Am., Inc.*, 2005 WL 2045956 (W.D. La. Aug. 23, 2005); *King v. Nat'l Sec. Fire & Cas. Co.*, 656 So.2d 1338, 1339 (Fla. 4th DCA 1995). Courts in both states, however, have held that an adjuster who engages in fraud or misrepresentations **may** assume a duty to the insured. *Martin v. Wood*, 2011 WL 4550339, at *4 (E.D. La. Sep. 29, 2011) (citing *Pellerin v. Cashway Pharm. of Franklin*, 396 So.2d 371 (La. Ct. App. 1st Cir. 1981)); *Howard v. Crawford & Co.*, 384 So.2d 1326, 1327 (Fla. 1st DCA 1980). Under either state's law, such a claim requires showing an intentional, material misrepresentation by the defendant and justifiable reliance, resulting in injury, by plaintiff. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999); *Biscayne Cove Condominium Ass'n v. QBE Ins. Corp.*, 971 F.Supp.2d 1121, 1145 (S.D. Fla. 2013).

Plaintiffs argue that the court should permit an amended complaint against Transcynd. They assert that the justifications underlying the court's prior ruling were based on pleading deficiencies that can now be corrected based on new information about Transcynd's representations to plaintiffs and the extent of their knowledge about the condition of the house. The Transcynd defendants oppose the motion, noting on the merits that plaintiffs have admitted that they observed significant interior damage and that several contractors refused to work on their home because of this. Accordingly, they maintain that plaintiffs cannot claim justifiable reliance on any representation by a Transcynd employee.

The court is unwilling to go as far as Transcynd suggests at the pleading stage, but instead notes that what is asserted here is essentially a case of fraud by omission or silence based on Transcynd's alleged failure to disclose the true extent of damage to the property. Such a claim requires that the defendant assumed a duty to speak and provide accurate information. *Bellina v. Liberty Mutual Ins. Co.*, 2020 WL 1689825 (E.D. La. Apr. 7, 2020) (citing *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 598 (E.D. La. 1993)); *In re Palm Beach Finance Corp.*, 517 B.R. 310, 335 (S.D. Fla. 2013). As noted above, the adjuster's duty under Louisiana or Florida law is to the insurer. There are no special facts here that would lead the court to find that Transcynd had also assumed a duty to the insured. The insurer remains liable for any mishandling of the claim by Transcynd, and can pursue claims against Transcynd for the breach of this duty. The court, however, finds no justification for creating a pathway for plaintiffs to pursue the adjuster directly.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Reconsider [doc. 28] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2022.

                        **JAMES D. CAIN, JR.**
                   **UNITED STATES DISTRICT JUDGE**